FILED
2010 Jan-11 PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TONYA JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:09-CV-0919-SLB |
| | ) |
| BESSEMER POLICE DEPARTMENT; | ) |
| RAY HUBBART; DANNY W. JOHNSON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This case is presently pending before the court on defendants' Motions to Dismiss. (Docs. 4, 8.)[1] Plaintiff, Tonya Jackson, has sued defendants, Bessemer Police Department, Ray Hubbart, and Danny W. Johnson,[2] alleging that Hubbart sexually assaulted her while they both worked for the Bessemer Police Department. (*See* doc. 1 ¶ 11.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motions to Dismiss, (doc. 4, 8), are due to be granted in part and denied in part.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]Plaintiff alleges that Johnson is the Chief of Police and Hubbart's commanding officer. (Doc. 1 ¶ 6.) Defendants contend that Johnson is Captain with the Bessemer Police Department. (Doc. 4 at 2.)

## I. <u>MOTION TO DISMISS STANDARD</u>

When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citations omitted); *see also Rivell v. Private Healthcare Systems, Inc.*, 520 F.3d 1308, 1309 (11th 2008).

> [T]he complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, [545], 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts*, 495 F.3d at 1295 (quoting *Twombly*, [550 U.S. at 556]). This rule does not "impose a probability requirement at the pleading stage." *Twombly*, [550 U.S. at 556]. Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. *Id*. "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Watts*, 495 F.3d at 1296 (quoting *Twombly*, [550 U.S. at 556]).

*Rivell*, 520 F.3d at 1309-10.

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am.*

*Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

Defendant Johnson contends, *inter alia*, that he is entitled to qualified immunity. (Doc. 4 at 5.)  "While the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be, as it was in this case, raised and considered on a motion to dismiss." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)(citing *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001)). Therefore, a complaint alleging a "§ 1983 claim against officials who are able to assert qualified immunity as a defense" is subject to a "heightened pleading requirement." *Danley v. Allen*, 540 F.3d 1298, 1313-14 (11th Cir. 2008); *see Swann v. Southern Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004).  "Under the heightened pleading requirement, the relevant facts must be alleged with some specificity," and the court "will dismiss a complaint under the heightened pleading standard where the allegations are vague and conclusory." *Danley*, 540 F.3d at 1314.

## II. STATEMENT OF FACTS

Plaintiff's Complaint alleges the following facts:

> 3. Plaintiff . . . is an adult female, residing at all those times material hereto in Jefferson County, Alabama.  Jackson is employed by defendant Bessemer Police Department as a dispatcher.
>
> 4. Defendant, Bessemer Police Department, . . . is a part of the municipal entity the City of Bessemer, Alabama.

3

5. Defendant Ray Hubbart . . . is . . . an adult resident of Jefferson County, Alabama, and was at all times material hereto employed by the City of Bessemer Police Department. Although not [plaintiff's] direct supervisor, Hubbart was a superior officer to [plaintiff].

6. Defendant Danny W. Johnson . . . is an adult resident of the State [o]f Alabama, and is the Chief of Police for the Bessemer Police Department, and was in said position at the time of the events made the basis of this lawsuit. The Chief of Police was the commanding officer of defendant Hubbart, and was responsible for his training, supervision and conduct. He was also responsible by law for the Bessemer Police Department and for ensuring that the Police Department officers and personnel obeyed the laws of the State of Alabama and of the United States.

. . .

8. Plaintiff first became employed with the Bessemer Police Department in 2005.

9. Defendant Hubbart was in a superior position (rank) to the plaintiff until April 23, 2008.

10. Plaintiff's job duties required her to frequently come into contact with [Hubbart], a supervisory officer.

11. During the time that Plaintiff worked under Hubbart's supervision, he frequently winked at [her] and looked at her in what [she] considered a sexually provocative manner. This behavior continued until on or about April 12, 2008 when Hubbart physically assaulted the plaintiff, to wit: Hubbart instructed [plaintiff] to meet him in the "records room." As Hubbart was a superior officer, plaintiff had no option to refuse him. When she arrived at the records room no one was present, so plaintiff proceed[ed] to return to her duties. While in the process of leaving, she encountered Hubbart, who grabbed [her], pressed her to a wall, held her face and kissed her while groping her body. [Plaintiff] struggled but was unable to wrest free of Hubbart until after the assault had continued for some time. When she was finally able to push him away she returned immediately to her work area.

12. On or about April 13, 2008, plaintiff reported Hubbart to Lieutenant Stewart, the supervisor over C-Watch.

4

   13. Upon information and belief, Hubbart has a history of sexually harassing and/or assaulting other female co-workers.  Upon further information and belief, Hubbart has previously been disciplined for very similar behavior.

   14. As a result of plaintiff's complaint, Hubbart was demoted to the rank of Police Officer and reassigned to B-Watch as a patrol officer.  Hubbart was, however, allowed to continue his employment with defendant, Bessemer Police Department, despite his past history of assault on women.  Despite this arrangement of positions, plaintiff was still required to come into contact with [Hubbart] during the performance of her job duties.

   15. Subsequent to his attack on the plaintiff, Hubbart was accused of sexually assaulting/harassing a female civilian.

   16. After this assault on a civilian, Hubbart was allowed to resign from the Bessemer Police Department on June 11, 2008.

   17. Plaintiff has suffered severe emotional trauma as a result of this assault, and has been required to seek professional counseling as a result.  Plaintiff has been diagnosed with post traumatic stress disorder as a result of Hubbart's attempted rape.

(Doc. 1 ¶¶ 3-6, 8-17.)  In her Complaint plaintiff alleges that defendants violated her federal constitutional right to Equal Protection, actionable through 42 U.S.C. § 1983.  She also alleges state-law causes of action for battery, invasion of privacy, outrage, and negligent/wanton hiring, supervision, and retention.

 The Bessemer Police Department and Johnson filed a Motion to Dismiss.  (Doc. 4.)  Thereafter, Hubbart filed a Motion to Dismiss.  (Doc. 8.)

### III.  DISCUSSION

**A.  EEOC CHARGE**

Defendants contend that plaintiff's Complaint is due to be dismissed because she has filed a charge of discrimination with the EEOC concerning this incident and she has not yet received a right-to-sue letter.  Citing *Forehand v. Florida State Hopsital at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996), they argue her Complaint is due to be dismissed in its entirety based on the lack of a right-to-sue letter.  (Doc. 4 at 2-3; doc. 8 at 2.)  Plaintiff argues, "Plaintiff is not required to obtain a notice of right to sue to bring actions under statutes other than Title VII . . . .  [Plaintiff] has not made a claim against any of the defendants for violations of Title VII.  Rather, she has filed a claim under 42 U.S.C. § 1983, for violations of her rights under color of state law.  A notice of right to sue is irrelevant to such a claim."  (Doc. 13 at 1.)  The court agrees.

The *Forehand* case provides no support for defendants' argument that this court may dismiss a case, which does not contain a Title VII claim, because the plaintiff has failed to comply with a condition precedent to filing a claim under Title VII.  The law is well-established:

> Despite Title VII's range and its design as a comprehensive solution for the problem of invidious discrimination in employment, the aggrieved individual clearly is not deprived of other remedies he possesses and is not limited to Title VII in his search for relief.  "[T]he legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes."

*Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 459 (1975)(quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48 (1974)).

Plaintiff may pursue relief under § 1983 and Alabama law without complying with the conditions precedent to filing a Title VII claim, such as receiving a right-to-sue letter from the EEOC. Because plaintiff is not required to have a right-to-sue letter before bringing a cause of action under § 1983 or state common law torts, defendants' Motions to Dismiss plaintiff's complaint based on the fact she has not received a right-to-sue letter are due to be denied.

**B. POLICE DEPARTMENT IS NOT A SEPARATE LEGAL ENTITY**

In Alabama, municipal corporations may sue and be sued. Ala. Code § 11-40-1. Certain Boards or Authorities within the municipality may incorporate and become legal entities, separate from the municipal corporation, that may sue and be sued. *See*, *e.g.*, Ala. Code § 11-47-218 (public park authority); Ala. Code § 11-49A-8 (transit authority); Ala. Code § 11-50-314 (water, sewer, gas, and electric boards). However, municipal police departments are not considered such separate legal entities capable of being sued. *See Carter v. City Police for Dothan*, No. 1:09-cv-813-ID, 2009 WL 3156967, *1 (M.D. Ala. Sept. 28, 2009)(citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)).

Defendants' Motion to Dismiss the Bessemer Police Department is due to be granted and all claims against it will be dismissed. The court will allow plaintiff to file an Amended Complaint, substituting the City of Bessemer, Alabama, for the Bessemer Police Department.

7

For purposes of deciding the remainder of defendant's Motions to Dismiss, the court assumes plaintiff's claims are brought against the City of Bessemer.

## C.  SECTION 1983 CLAIM AGAINST BESSEMER

Defendants contend, "Plaintiff's § 1983 claim is due to be dismissed as against the [City] to the extent [plaintiff] relies on a *respondeat superior* theory as such theories are unavailable under 42 U.S.C. § 1983." (Doc. 4 at 3 [citing *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003); *Dean*, 951 F.2d 1210].)  They also ask the court to dismiss plaintiff's § 1983 claim "against the [City] because the Complaint fails to allege that Plaintiff's constitutional rights were violated by an official policy or custom of the City, which is the only way in which a municipality may be held liable under 42 U.S.C. § 1983." (*Id*. at 3-4 [citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978)].) Plaintiff argues that her Complaint "allege[s] a 'policy or custom' of the police department which allowed sexual harassment within its ranks, and therefore the Section 1983 claim is not due to be dismissed as against the [City]." (Doc. 13 at 1 [citing doc. 1 ¶ 22].)

To the extent plaintiff's claims against the City of Bessemer are based on the actions of Hubbart and Johnson, and not the official custom or policy of the City, such claims are due to be dismissed.  "The Supreme Court has placed strict limitations on municipal liability under section 1983." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).  "[A] municipality may be held liable for the actions of a police officer *only* when municipal 'official policy' causes a constitutional violation." *Id*. (citing *Monell v. Dep't of Soc. Servs.*,

436 U.S. 658, 694-95 (1978))(emphasis added). The City "is not automatically liable under [S]ection 1983 even if it inadequately trained or supervised its police officers and those officers violated [plaintiff's] constitutional rights." *Id*. However, a municipality may be liable under Section 1983 when "the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights." *Id.* (citations omitted).

Because a municipality generally does not have an express policy of inadequately training or supervising its employees, "plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants . . . ." *Id*. "To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.*

Plaintiff's Complaint alleges that Hubbart had "a history of sexually harassing and/or assaulting . . . female co-workers" and that the City had "previously . . . disciplined [him] for very similar behavior." (Doc. 1 ¶ 13.) She also alleges:

> Defendants Police Department and Johnson . . . had actual knowledge of Hubbart's prior history of assaulting female employees of the Department, and yet placed him in a supervisory position which allowed him to assault the plaintiff. In the alternative, the Department knew or reasonably should have known of Hubbart's prior acts of sexual harassment and assault.
>
> The Police Department has a policy or custom [of] allowing sexual harassment within its ranks, as evidenced by its retention of Hubbart after at

least one previous sexual assault. This policy or custom proximately resulted in the assault on plaintiff Jackson.

(Doc. 1 ¶¶ 21-22.)

To the extent plaintiff's Complaint alleges the City is liable based on the actions or inactions of its agents and employees, such claim is due to be dismissed. The court finds plaintiff's allegation that the City is liable based on its "policy or custom [of] allowing sexual harassment within its ranks" is sufficient to state a claim against the City pursuant to § 1983.

Defendants' Motion to Dismiss claims against the City based on respondeat superior is due to be granted and their Motion to Dismiss § 1983 claim against the City based on its policy or custom is due to be denied.

## D. SECTION 1983 CLAIM AGAINST JOHNSON

Defendants contend that Johnson is entitled to qualified immunity. (Doc. 4 at 5-6.) They argue that Johnson is not the Chief of Police; rather, he is a Captain. (*Id*. at 2.) And, as a Captain, Johnson was not the final decision maker with regard to Hubbart's hiring, training, supervision, and/or retention. Plaintiff does not dispute these assertions; indeed, she does not mention Johnson in her Memorandum of Law in Opposition to Defendants' Motions to Dismiss.[3] (Doc. 13 at 2.)

---

[3]Plaintiff argues:

    3. The defendants' motion is premature on matters of qualified immunity. It is well recognized that motions to dismiss prior to discovery are disfavored.

"Courts in the Eleventh Circuit and beyond have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion." *Kirkland v. County Commission of Elmore County, Alabama*, No. 2:08cv86-MEF, 2009 WL 596538, *2 (M.D. Ala. Mar. 6, 2009)(citing *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000); *Hooper v. City of

---

> We hasten to add that this motion is viewed with disfavor and rarely granted. See, e.g., *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)("Dismissal of a claim on the basis of barebone pleadings is a precarious disposition with a high mortality rate."). The pleadings must show, in short, that the Plaintiffs have no claim before the 12(b)(6) motion may be granted.
>
> *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Plaintiff has alleged that **Hubbart**, acting in his capacity as her supervisor, and in accordance with a policy or custom of the **Bessemer Police Department**, sexually assaulted her and attempted to rape her. Even had federal statutes not clearly established such an action as a violation of plaintiff's constitutional rights, **Hubbart's** conduct was so obviously wrong as to deny him qualified immunity in any event. *See Saucier v. Katz*, 533 U.S. 194, 201, 202, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001)(". . .conduct, considered in light of the law existing at that time, was so obviously wrong that it would not have been done except by an officer who was incompetent or in knowing violation of the law.").
>
> Ms. Jackson is at the very least entitled to engage in discovery with regard to her properly pled allegations. The facts alleged in her complaint, taken as true, establish a violation of clearly established law, and a policy of allowing such actions to take place within the ranks of the defendant police department.

(Doc. 13 at 2 [emphasis added].)

*Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007)). Because plaintiff has not opposed defendants' Motion to Dismiss the § 1983 claims against Johnson, the court finds that plaintiff has abandoned her § 1983 claims against Johnson.

Defendant's Motion to Dismiss plaintiff's § 1983 claims against Johnson will be granted, and such claims will be dismissed.

**E. SECTION 1983 CLAIM AGAINST HUBBART IN HIS OFFICIAL CAPACITY**

Hubbart argues that plaintiff's § 1983 claim against him in his official capacity is due to be dismissed. (Doc. 8 at 2.) The court finds that plaintiff's Complaint does not contain a claim against Hubbart in his official capacity. (*See* doc. 1 ¶¶ 19-22.) Therefore, his Motion to Dismiss this claim will be denied as moot.

**F. ALABAMA PEACE OFFICER IMMUNITY (ALA. CODE § 6-5-338) AND MUNICIPAL IMMUNITY (ALA. CODE § 11-47-190)**

"Under Alabama law, '[e]very peace officer . . . shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.'" *Ex parte City of Tuskegee*, 932 So. 2d 895, 903-04 (Ala. 2005)(quoting Ala. Code § 6-5-338(a)). Moreover, "[a] municipality cannot be held liable for the intentional torts of its employees." *Cremeens v. City of Montgomery*, 779 So. 2d 1190, 1201 (Ala. 2000)(citing Ala. Code § 11-47-190; *Gore v. City of Hoover*, 559 So. 2d 163 (Ala. 1990)).

Defendants contend that they have immunity from plaintiff's state-law claims. (Doc. 4 at 4-5, 6-8; doc. 8 at 3.) Plaintiff does not address these arguments in her opposition. (*See*

12

*generally* doc. 13.) At oral argument, plaintiff argued that she was unaware Hubbart had asked the court to dismiss the state-law claims against him. In his Motion to Dismiss, Hubbart argues:

> 3. Section 6-5-338 of the Code of Alabama, as amended, states:
>
>> "Immunity from tort liability for conduct in the line of duty; limitation; certain employers of off-duty officers to maintain liability coverage; penalty for failure to maintain.
>>
>> (a) **Every peace officer**, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, **shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.**" **(Emphasis added)**
>
> Wherefore, premises considered, this defendant respectfully requests that this Court dismiss this action, with prejudice, as to this defendant.

(Doc. 8 at 3 [emphasis in original].)

The court finds that Hubbart's Motion to Dismiss was sufficient to put plaintiff on notice that Hubbart challenged her state-law claims based on the Alabama Peace Officer Immunity statute, Ala. Code § 6-5-338. However, at this time, Hubbart's Motion to Dismiss

13

plaintiff's state-law claims, (doc. 8), will be denied, without prejudice to Hubbart's right to reassert his right to immunity under § 6-5-338.

The court finds that plaintiff has abandoned her state-law claims against the City of Bessemer and Johnson. *Kirkland*, 2009 WL 596538 at *2. Their Motion to Dismiss plaintiff's state law claims, (doc. 4), is due to be granted; such claims will be dismissed.

## CONCLUSION

The court finds that the Motion to Dismiss filed by the Bessemer Police Department and Johnson, (doc. 4), is due to be granted in part and denied in part. All claims against the Bessemer Police Department and Johnson will be dismissed; however, plaintiff may refile her § 1983/equal protection clause claim based on a policy or custom against the City of Bessemer. The Motion to Dismiss filed by Hubbart, (doc. 8), is due to be denied. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE**, this 11th day of January, 2010.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE